UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF<br>CARPENTERS PENSION FUND et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 08 CV 3440 |
| | ) | |
| ADVANCED SYSTEMS GROUP, INC., d/b/a | ) | Judge Kendall |
| ADVANCED MATERIAL HANDLING | ) | |
| SYSTEMS, INC. and d/b/a ADVANCED OFFICE | ) | |
| SYSTEMS, INC., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO VACATE DISMISSAL AND FOR ENTRY OF JUDGMENT BY AGREEMENT PURSUANT TO BREACH OF SETTLEMENT AGREEMENT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, ET AL. (collectively "Trust Funds"), by their attorney Kevin P. McJessy, hereby move

this Court to vacate an Order of Dismissal entered March 27, 2009, and enter a judgment by

agreement against ADVANCED SYSTEMS GROUP, INC., an Illinois corporation

("Defendant"). In support of their motion, Trust Funds state as follows:

## COMPLAINT

1.      The Trust Funds filed a complaint against the Defendant under ERISA for

amounts due based on a fringe benefit contributions audit. The Trust Funds sought unpaid

contributions, interest and liquidated damages, and for attorneys' fees and costs and for auditors'

fees owed by Defendant pursuant to the terms of a collective bargaining agreement and

applicable trust agreements.

## SETTLEMENT AGREEMENT AND DISSMISSAL WITHOUT PREJUDICE

2.      Defendants, through counsel, entered into a written  settlement agreement with

Trust Funds whereby Trust Funds would dismiss the lawsuit without prejudice in exchange for

specific, monthly installment payments. In accordance with the settlement agreement, the Trust Funds dismissed the lawsuit without prejudice, the Court retaining jurisdiction to enforce the terms of the settlement agreement. A copy of the Settlement Agreement dated March 24, 2009, is attached as Exhibit A. A copy of the Court's Order of Dismissal entered March 27, 2009, is attached as Exhibit B.

### Late & Missed Payments

3. Defendant was required to pay $1,560.00 per month beginning on March 15, 2009 until November 15, 2009.

4. **Missed Payments.** Defendant made no payments for the months of October and November 2009. See Declaration of John Libby, Exhibit C, para. 4. As a result notices of default were issued. Copies of the default notices for the late September payment and November payment are attached hereto as Exhibits D and E.

5. To date, the Defendants have not paid the delinquent payments for October and November 2009 nor has Defendant paid the late fees and therefore Defendant is in breach of the settlement agreement. See Declaration of John Libby, Exhibit C, para. 4, 5. The November notice was sent November 23, 2009, and ten days have passed since said notice. See Default Notice, Exhibit E.

### Amount Due under the Settlement Agreement is $19,929.96 Plus Unpaid Late Fees, Attorneys Fees and Costs

6. The settlement agreement includes the following language:

(d) Remedy for Uncured Default. If the default is not cured within the Cure Period, ASGI shall not be permitted to cure the default and the Trust Funds' rights under this paragraph shall be deemed irrevocable. If the default is not cured within the Cure Period, ASGI authorizes, consents and agrees that the Trust Funds shall have the right to move the Court to vacate the dismissal of the Lawsuit, reinstate the lawsuit and have judgment entered in favor of the Trust Funds and against ASGI in the amount of nineteen thousand, nine hundred twenty-nine and 96/100

($19,929.96), plus reasonable attorneys' fees and costs incurred in enforcement and collection but less amounts previously paid under this Agreement.

7.    This Court should enter a judgment by agreement against the Defendants pursuant to the settlement agreement and the Defendants' breach thereof.

8.    The Trust Funds now seek entry of a judgment in the amount of $9,672.38, broken down as follows:

(a)    **$19,929.96 pursuant to the settlement agreement**  (Settlement Agreement, Exhibit A, para. 3(d));

(b)    plus **total attorneys' fees and costs of $632.42** incurred by the Trust Funds in connection with their efforts to enforce the terms of the settlement agreement  (Settlement Agreement, Exhibit A, para. 3(d); Affidavit of Kevin McJessy, para. 4, Exhibit F);

(d)    less $10,890.00 previously paid under the settlement agreement.

9.    A draft proposed order is attached as Exhibit G.

WHEREFORE, the Trust Funds respectfully request that the Court to vacate an Order of Dismissal entered March 27, 2009, and enter a judgment by agreement against Defendants pursuant to the settlement agreement in the amount of $9,672.38.

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND et al.


By:   s/ Kevin P. McJessy
            One of their attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Motion to Vacate Dismissal and for Entry of Judgment by Agreement Pursuant to Breech of Settlement Agreement** to be served upon

      Advanced Systems Group, Inc.
      c/o Warren Simpson, Registered Agent
      469 W. Fullerton Ave.
      Elmhurst, IL 60126

via U.S. Mail deposited in the United States Mail Depository at 3759 N. Ravenswood, Chicago, Illinois, postage prepaid, on this 19th day of January 2010.


AND TO

      Todd A. Miller
      Allocco, Miller & Cahill, P.C.
      3409 N. Paulina St.
      Chicago, IL 60657

via email using the Court's CM/ECF filing system on this 19th day of January 2010.


                                          s/ Kevin P. McJessy
                                          Kevin P. McJessy