# 08 CV 3440

# Exhibit A

# SETTLEMENT AGREEMENT

This Settlement Agreement is effective this _24_ day of March 2009, and is entered by and between the following parties (collectively "the Parties"): the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM, the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION FUND and their respective trustees (collectively the "Trust Funds") and ADVANCED SYSTEMS GROUP, INC. an Illinois corporation, ("ASGI").

## W I T N E S S E T H

A) WHEREAS, the Trust Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (the "Union"), and therefore, are multi-employer plans (29 U.S.C. § 1002);

B) WHEREAS   , the Trust Funds filed a lawsuit against ASGI in the United States District Court for the Northern District of Illinois captioned as matter *Chicago Regional Council of Carpenters Pension Fund, et al. v Advanced Systems Group, Inc.* 08 C 3440 ("Lawsuit");

C) WHERE   AS, ASGI is an employer that entered into an agreement with the Chicago and Northeast Illinois Regional Council of Carpenters AFL-CIO United Brotherhood of Carpenters and Joiners of America ("Union") whereby it agreed to be bound by the terms and conditions of certain collective bargaining agreements and trust agreements;

D) WHEREAS, the Trust Funds filed the Lawsuit to recover payment of contributions, interest, liquidated damages, auditors' fees and attorneys' fees owed to the Trust Funds;

E) WHEREAS, ASGI provided books and records to the Trust Funds' auditors, James Egan & Associates, and performed an audit for the period January 1, 2006 through September 30, 2007 ("Audit Period");

F) WHEREAS, ASGI represents that it produced complete, true and accurate copies of the books and records requested by the auditor and acknowledges that the Trust Funds have relied on this representation in entering into this Agreement;

G) WHEREAS, the auditors' report and the Trust Funds determined that ASGI failed to report and to remit to the Trust Funds contributions owed to the Trust Funds for hours worked by its employees and/or subcontractors;

H) WHEREAS, ASGI disputes certain obligations owed to the Trust Funds arising out of the audit report prepared by James Egan & Associates;

I) WHEREAS, all Parties to this Agreement agree that nothing contained in this Agreement shall be construed as an admission of liability of any kind or nature by either party;

J) WHEREAS, the Parties hereto have concluded that the execution by them of this Agreement will avoid protracted, uncertain and expensive litigation, and acknowledge that the terms and provisions herein are fair and reasonable, and that each is receiving a substantial and valuable benefit if this Agreement is consummated; and

K) WHEREAS, the Parties have had the assistance of legal counsel of their own choosing and are satisfied that the terms and conditions of this Agreement are fair, adequate and reasonable;

NOW, THEREFORE, for and in consideration of the sums to be paid hereunder, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, and for the performance of the mutual covenants hereinafter to be performed, IT IS AGREED as follows:

1.    Recitals. The recitals set forth herein are intended by the Parties hereto to evidence their intent in executing this Agreement and to describe the circumstances surrounding its execution, and the Parties hereto intend that this Agreement be construed in a manner consistent with the recitals. Accordingly, said recitals are, by express reference, made a part of the covenants herein, and this Agreement shall be construed in light thereof.

2.    Payment.

(a) ASGI shall pay the Trust Funds fourteen thousand dollars ($14,000.00) upon execution of this Agreement. Payment shall be made as follows:

| | |
|---|---|
| March 15, 2009 | $1,560.00 |
| April 15, 2009 | $1,555.00 |
| May 15, 2009 | $1,555.00 |
| June 15, 2009 | $1,555.00 |
| July 15, 2009 | $1,555.00 |
| August 15, 2009 | $1,555.00 |
| September 15, 2009 | $1,555.00 |
| October 15, 2009 | $1,555.00 |
| November 15, 2009 | $1,555.00 |

Each payment shall be due on or before the first day of each month. Payments shall be delivered to McJessy, Ching & Thompson, LLC, 3759 N. Ravenswood, Suite 231, Chicago, Illinois 60613.

(b) ALL PAYMENTS DUE UNDER THIS AGREEMENT SHALL BE SENT BY ASGI IN SUCH A MANNER THAT THE PAYMENTS ARE RECEIVED BY THE TRUST FUNDS ON OR BEFORE THE DATE DUE.

3.    Default.

(a) Default. In the event that the Trust Funds do not receive any payment due hereunder on or before the date when the payment is due, ASGI shall be in default of its obligations under this Agreement.

(b) Notice and Cure Period. In the event of default, the Trust Funds shall notify ASGI of said default by sending a notice by U.S. Mail to: Advanced Systems Group, Inc., 485 W. Fullerton Avenue, Elmhurst, IL 60126, with a copy by U.S. Mail and facsimile to Todd Miller, Allocco & Miller, P.C., 3409 N. Paulina, Chicago, Illinois 60657 ("Notice"). Notice sent in this manner shall be deemed sufficient regardless of whether it is received, provided that the Trust Funds provide a certificate of service that notice was properly sent in accordance with the above provisions. ASGI shall have ten (10) days, not counting weekends and holidays ("Cure Period"), from the date that notice of the default is sent to cure such default.

(c) Late Fee. If ASGI is in default on a payment and the Trust Funds or their counsel serve Notice, the amount due shall be increased by two hundred and fifty dollars ($250.00) ("Late Fee"). The Late Fee is not intended to be a penalty but is instead payment to the Trust Funds as compensation for the additional attorneys' fees and costs incurred to issue the Notice.

(d) Remedy for Uncured Default. If the default is not cured within the Cure Period, ASGI shall not be permitted to cure the default and the Trust Funds' rights under this paragraph shall be deemed irrevocable. If the default is not cured within the Cure Period, ASGI authorizes, consents and agrees that the Trust Funds shall have the right to move the Court to vacate the dismissal of the Lawsuit, reinstate the lawsuit and have judgment entered in favor of the Trust Funds and against ASGI in the amount of nineteen thousand, nine hundred twenty-nine and 96/100 ($19,929.96), plus reasonable attorneys' fees and costs incurred in enforcement and collection but less amounts previously paid under this Agreement.

4.     Dismissal. Upon execution of this Agreement by all Parties and receipt of the first payment, the Parties agree that the Lawsuit shall be dismissed without prejudice and with the Court retaining jurisdiction to enforce the terms of this Settlement Agreement.

5.     Release. The Trust Funds hereby release and discharge ASGI, its principals, shareholders, directors and officers, successors and assigns from any and all claims of whatever kind or nature, in law, equity or otherwise for amounts owed by ASGI as contributions to the Trust Funds for the Audit Period. Notwithstanding the foregoing, this release and the dismissal of the Lawsuit shall have no res judicata or collateral estoppel effect outside the Audit Period and the Trust Funds may pursue claims they may have related to contributions owed outside the Audit Period.

6.     Release. ASGI hereby fully and forever releases and discharges the Trust Funds, their trustees, administrators, officers and directors and their successors and assigns from any and all claims or demands of whatever kind or nature, in law, equity or otherwise arising during the Audit Period.

7.     Indemnification. If any current or former employee of ASGI (for this paragraph only "Claimant") makes a claim against the Trust Funds claiming that ASGI failed to make fringe benefit contributions to the Trust Funds on the Claimant's behalf and a court of competent jurisdiction determines that contributions are owed to the Trust Funds on behalf of the Claimant for the Audit Period, then ASGI agrees to indemnify, keep indemnified and hold harmless, Trust Funds, their respective trustees, administrators and agents to the fullest extent allowed by law, from and against any liability for contributions owed to the Trust Funds on behalf of the

Claimant, including but not limited to payment for the contributions owed and reasonable attorney's fees and costs incurred by the Trust Funds in defending any action by Claimant.

8.　　Choice of Law.　The provisions of this Agreement shall be construed in accordance with the laws of the State of Illinois, except to the extent preempted by federal law. The Trust Funds and ASGI agree to submit to the jurisdiction of any court (state or federal) sitting in the County of Cook, State of Illinois for the purpose of any lawsuit concerning the construction or enforcement of this Agreement and further agree that they shall not seek to have the Lawsuit removed or transferred to any other forum.

9.　　Severability.　In the event that any paragraph, subparagraph or provision of this Agreement shall be determined to be contrary to governing law or otherwise unenforceable, all remaining portions of this Agreement shall be enforced to the maximum extent permitted by law; the unenforceable paragraph, subparagraph or provision shall first be construed and interpreted, if possible, to render it enforceable and, if that is not possible, then the provision shall be severed and disregarded, and the remainder of this Agreement shall be enforced to the maximum extent permitted by law.

10.　　Merger Clause.　This Agreement sets forth the entire agreement between the Parties regarding the settlement of the Lawsuit, and may be amended only by written instrument signed by the Party or Parties sought to be charged thereby. Neither the Parties nor their agents have made promises or oral or written statements other than those that appear within this Agreement. This Agreement may not be altered, amended or modified, or otherwise changed in any respect whatsoever, except by a subsequent writing executed by all of the Parties.

11.　　Advice of Counsel.　The Parties acknowledge that they (or their designated representative(s)) have read this Agreement, that they fully understand and appreciate the meaning of this Agreement, that it fully reflects the entirety of the agreement between the parties, that no representation, inducement, or warranty has been made by any Party hereto except as set forth herein, that Parties have consulted competent legal counsel of their selection or had the opportunity to do so, and that they KNOWINGLY and VOLUNTARILY enter into this Agreement and agree to comply with its terms and conditions.

12.　　Signed in Counterparts.　This Agreement may be executed in counterparts, and delivered by facsimile, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

The signatories represent and warrant that they are authorized to sign this Agreement and bind the Parties they represent.

Dated: _____

Advanced Systems Group, Inc..

By: _____
Its: _____

Dated: 3/24/09

The Chicago Regional Council of
Carpenters Pension Fund

By: JOHN LIBBY
Its: Supervisor, Audits & Collections

Dated: 3/24/09

The Chicago Regional Council of
Carpenters Welfare Fund

By: JOHN LIBBY
Its: Supervisor, Audits & Collections

Dated: 3/24/09

The Chicago and Northeast Illinois Regional
Council of Carpenters Apprentice and
Trainee Program

By: JOHN LIBBY
Its: Supervisor, Audits & Collections

Dated: 3/24/09

The Labor/Management Union Carpentry
Cooperation Fund

By: JOHN LIBBY
Its: Supervisor, Audits & Collections

# GUARANTY

Warren J. Simpson ("Guarantor") hereby guarantees to the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program, the Labor/Management Union Carpentry Cooperation Fund, and their respective Trustees ("Trust Funds") the full payment of all amounts to be paid by Advanced Systems Group, Inc. ("ASGI") to the Trust Funds under this Settlement Agreement (including, without limitation, the payment of all damages in the event of breach of the Settlement Agreement by ASGI which includes but is not limited to attorneys' fees and costs).

Guarantor hereby expressly waives any right to notice of non-payment by ASGI or any other notice or demand. Guarantor expressly agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall not be terminated, affected or impaired by reason of the assertion or non-assertion by Trust Funds against ASGI of any of the rights or remedies reserved to Trust Funds against ASGI pursuant to the provisions of the Settlement Agreement.

This is an absolute and unconditional guaranty of payment and not of collection. Accordingly, Guarantor further waives his rights, if any, (i) to require that any demand be made upon ASGI, any other person, entity or guarantor or (ii) to require that any action be brought against ASGI, any other person, entity or guarantor, as a condition precedent to Guarantor's obligation to pay any amounts owed under the Settlement Agreement to Trust Funds. Successive recoveries may be had hereunder. No invalidity, irregularity or unenforceability of all or any part of the Settlement Agreement shall affect, impair or be a defense to this Guaranty and this Guaranty shall constitute a primary obligation of the Guarantor.

No delay on the part of Trust Funds in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Trust Funds to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty or any termination hereof be effective unless in a writing signed by Trust Funds and no such waiver shall be applicable except in the specific instance for which given.


Warren J. Simpson _____


Date _____

# 08 CV 3440

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | 08 CV 3440 |
| v. | ) ) | Judge Kendall |
| ADVANCED SYSTEMS GROUP, INC., d/b/a ADVANCED MATERIAL HANDLING SYSTEMS, INC. and d/b/a ADVANCED OFFICE SYSTEMS, INC., an Illinois corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DISMISSAL WITHOUT PREJUDICE PURSUANT TO SETTLEMENT AGREEMENT

WHEREAS, the Chicago District Council of Carpenters Pension Fund, et al. ("Trust Funds") and Advanced Systems Group, Inc. ("Defendant") have settled this matter pursuant to the terms of the settlement agreement attached to and made part of this Order, IT IS HEREBY ORDERED that this matter is dismissed without prejudice and with the Court retaining jurisdiction to enforce the terms of the settlement agreement.

_3-27-09_
Date

Judge Virginia Kendall

## SETTLEMENT AGREEMENT

This Settlement Agreement is effective this _24_ day of March 2009, and is entered by and between the following parties (collectively "the Parties"): the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM, the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION FUND and their respective trustees (collectively the "Trust Funds") and ADVANCED SYSTEMS GROUP, INC. an Illinois corporation, ("ASGI").

### WITNESSETH

A) WHEREAS, the Trust Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (the "Union"), and therefore, are multi-employer plans (29 U.S.C. § 1002);

B) WHEREAS   , the Trust Funds filed a lawsuit against ASGI in the United States District Court for the Northern District of Illinois captioned as matter *Chicago Regional Council of Carpenters Pension Fund, et al. v Advanced Systems Group, Inc.* 08 C 3440 ("Lawsuit");

C) WHERE   AS, ASGI is an employer that entered into an agreement with the Chicago and Northeast Illinois Regional Council of Carpenters AFL-CIO United Brotherhood of Carpenters and Joiners of America ("Union") whereby it agreed to be bound by the terms and conditions of certain collective bargaining agreements and trust agreements;

D) WHEREAS, the Trust Funds filed the Lawsuit to recover payment of contributions, interest, liquidated damages, auditors' fees and attorneys' fees owed to the Trust Funds;

E) WHEREAS, ASGI provided books and records to the Trust Funds' auditors, James Egan & Associates, and performed an audit for the period January 1, 2006 through September 30, 2007 ("Audit Period");

F) WHEREAS, ASGI represents that it produced complete, true and accurate copies of the books and records requested by the auditor and acknowledges that the Trust Funds have relied on this representation in entering into this Agreement;

G) WHEREAS, the auditors' report and the Trust Funds determined that ASGI failed to report and to remit to the Trust Funds contributions owed to the Trust Funds for hours worked by its employees and/or subcontractors;

H) WHEREAS, ASGI disputes certain obligations owed to the Trust Funds arising out of the audit report prepared by James Egan & Associates;

I) WHEREAS, all Parties to this Agreement agree that nothing contained in this Agreement shall be construed as an admission of liability of any kind or nature by either party;

J)   WHEREAS, the Parties hereto have concluded that the execution by them of this
Agreement will avoid protracted, uncertain and expensive litigation, and acknowledge that
the terms and provisions herein are fair and reasonable, and that each is receiving a
substantial and valuable benefit if this Agreement is consummated; and

K)   WHEREAS, the Parties have had the assistance of legal counsel of their own choosing and
are satisfied that the terms and conditions of this Agreement are fair, adequate and
reasonable;

NOW, THEREFORE, for and in consideration of the sums to be paid hereunder, and
other good and valuable considerations, the receipt and sufficiency of which are hereby
acknowledged, and for the performance of the mutual covenants hereinafter to be performed, IT
IS AGREED as follows:

1.   Recitals.  The recitals set forth herein are intended by the Parties hereto to
evidence their intent in executing this Agreement and to describe the circumstances surrounding
its execution, and the Parties hereto intend that this Agreement be construed in a manner
consistent with the recitals.  Accordingly, said recitals are, by express reference, made a part of
the covenants herein, and this Agreement shall be construed in light thereof.

2.   Payment.

(a) ASGI shall pay the Trust Funds fourteen thousand dollars ($14,000.00) upon
execution of this Agreement.  Payment shall be made as follows:

| March 15, 2009 | $1,560.00 |
| April 15, 2009 | $1,555.00 |
| May 15, 2009 | $1,555.00 |
| June 15, 2009 | $1,555.00 |
| July 15, 2009 | $1,555.00 |
| August 15, 2009 | $1,555.00 |
| September 15, 2009 | $1,555.00 |
| October 15, 2009 | $1,555.00 |
| November 15, 2009 | $1,555.00 |

Each payment shall be due on or before the first day of each month.  Payments shall be delivered
to McJessy, Ching & Thompson, LLC, 3759 N. Ravenswood, Suite 231, Chicago, Illinois 60613.

(b) ALL PAYMENTS DUE UNDER THIS AGREEMENT SHALL BE SENT BY
ASGI IN SUCH A MANNER THAT THE PAYMENTS ARE RECEIVED BY THE
TRUST FUNDS ON OR BEFORE THE DATE DUE.

3.   Default.

(a) Default.  In the event that the Trust Funds do not receive any payment due hereunder
on or before the date when the payment is due, ASGI shall be in default of its obligations under
this Agreement.

(b) Notice and Cure Period. In the event of default, the Trust Funds shall notify ASGI of said default by sending a notice by U.S. Mail to: Advanced Systems Group, Inc., 485 W. Fullerton Avenue, Elmhurst, IL 60126, with a copy by U.S. Mail and facsimile to Todd Miller, Allocco & Miller, P.C., 3409 N. Paulina, Chicago, Illinois 60657 ("Notice"). Notice sent in this manner shall be deemed sufficient regardless of whether it is received, provided that the Trust Funds provide a certificate of service that notice was properly sent in accordance with the above provisions. ASGI shall have ten (10) days, not counting weekends and holidays ("Cure Period"), from the date that notice of the default is sent to cure such default.

(c) Late Fee. If ASGI is in default on a payment and the Trust Funds or their counsel serve Notice, the amount due shall be increased by two hundred and fifty dollars ($250.00) ("Late Fee"). The Late Fee is not intended to be a penalty but is instead payment to the Trust Funds as compensation for the additional attorneys' fees and costs incurred to issue the Notice.

(d) Remedy for Uncured Default. If the default is not cured within the Cure Period, ASGI shall not be permitted to cure the default and the Trust Funds' rights under this paragraph shall be deemed irrevocable. If the default is not cured within the Cure Period, ASGI authorizes, consents and agrees that the Trust Funds shall have the right to move the Court to vacate the dismissal of the Lawsuit, reinstate the lawsuit and have judgment entered in favor of the Trust Funds and against ASGI in the amount of nineteen thousand, nine hundred twenty-nine and 96/100 ($19,929.96), plus reasonable attorneys' fees and costs incurred in enforcement and collection but less amounts previously paid under this Agreement.

4.    Dismissal. Upon execution of this Agreement by all Parties and receipt of the first payment, the Parties agree that the Lawsuit shall be dismissed without prejudice and with the Court retaining jurisdiction to enforce the terms of this Settlement Agreement.

5.    Release. The Trust Funds hereby release and discharge ASGI, its principals, shareholders, directors and officers, successors and assigns from any and all claims of whatever kind or nature, in law, equity or otherwise for amounts owed by ASGI as contributions to the Trust Funds for the Audit Period. Notwithstanding the foregoing, this release and the dismissal of the Lawsuit shall have no res judicata or collateral estoppel effect outside the Audit Period and the Trust Funds may pursue claims they may have related to contributions owed outside the Audit Period.

6.    Release. ASGI hereby fully and forever releases and discharges the Trust Funds, their trustees, administrators, officers and directors and their successors and assigns from any and all claims or demands of whatever kind or nature, in law, equity or otherwise arising during the Audit Period.

7.    Indemnification. If any current or former employee of ASGI (for this paragraph only "Claimant") makes a claim against the Trust Funds claiming that ASGI failed to make fringe benefit contributions to the Trust Funds on the Claimant's behalf and a court of competent jurisdiction determines that contributions are owed to the Trust Funds on behalf of the Claimant for the Audit Period, then ASGI agrees to indemnify, keep indemnified and hold harmless, Trust Funds, their respective trustees, administrators and agents to the fullest extent allowed by law, from and against any liability for contributions owed to the Trust Funds on behalf of the

Claimant, including but not limited to payment for the contributions owed and reasonable attorney's fees and costs incurred by the Trust Funds in defending any action by Claimant.

8.      Choice of Law.  The provisions of this Agreement shall be construed in accordance with the laws of the State of Illinois, except to the extent preempted by federal law. The Trust Funds and ASGI agree to submit to the jurisdiction of any court (state or federal) sitting in the County of Cook, State of Illinois for the purpose of any lawsuit concerning the construction or enforcement of this Agreement and further agree that they shall not seek to have the Lawsuit removed or transferred to any other forum.

9.      Severability.  In the event that any paragraph, subparagraph or provision of this Agreement shall be determined to be contrary to governing law or otherwise unenforceable, all remaining portions of this Agreement shall be enforced to the maximum extent permitted by law; the unenforceable paragraph, subparagraph or provision shall first be construed and interpreted, if possible, to render it enforceable and, if that is not possible, then the provision shall be severed and disregarded, and the remainder of this Agreement shall be enforced to the maximum extent permitted by law.

10.     Merger Clause.  This Agreement sets forth the entire agreement between the Parties regarding the settlement of the Lawsuit, and may be amended only by written instrument signed by the Party or Parties sought to be charged thereby.  Neither the Parties nor their agents have made promises or oral or written statements other than those that appear within this Agreement.  This Agreement may not be altered, amended or modified, or otherwise changed in any respect whatsoever, except by a subsequent writing executed by all of the Parties.

11.     Advice of Counsel.  The Parties acknowledge that they (or their designated representative(s)) have read this Agreement, that they fully understand and appreciate the meaning of this Agreement, that it fully reflects the entirety of the agreement between the parties, that no representation, inducement, or warranty has been made by any Party hereto except as set forth herein, that Parties have consulted competent legal counsel of their selection or had the opportunity to do so, and that they KNOWINGLY and VOLUNTARILY enter into this Agreement and agree to comply with its terms and conditions.

12.     Signed in Counterparts.  This Agreement may be executed in counterparts, and delivered by facsimile, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

The signatories represent and warrant that they are authorized to sign this Agreement and bind the Parties they represent.

Mar 19 09 10:18a    Advanced Systems Group    6308344201    p.2


Dated: _3·1·5-09_

WARREN T. SIMPSON
Advanced Systems Group, Inc..

By: _Warren Simpson_
Its: _PRESIDENT_


Dated: _____

The Chicago Regional Council of
Carpenters Pension Fund

By: _____
Its: Contributions Manager


Dated: _____

The Chicago Regional Council of
Carpenters Welfare Fund

By: _____
Its: Contributions Manager


Dated: _____

The Chicago and Northeast Illinois Regional
Council of Carpenters Apprentice and
Trainee Program

By: _____
Its: Contributions Manager


Dated: _____

The Labor/Management Union Carpentry
Cooperation Fund

By: _____
Its: Contributions Manager

Dated: _____          Advanced Systems Group, Inc..

                                    By: _____
                                    Its: _____


Dated: _____3/24/09_____             _The Chicago Regional Council of_
                                    Carpenters Pension Fund

                                    By: ___JOHN LIBBY___
                                    Its: Supervisor, Audits & Collections


Dated: _____3/24/09_____             _The Chicago Regional Council of_
                                    Carpenters Welfare Fund

                                    By: ___JOHN LIBBY___
                                    Its: Supervisor, Audits & Collections


Dated: _____3/24/09_____             The Chicago and Northeast Illinois Regional
                                    Council of Carpenters Apprentice and
                                    Trainee Program

                                    By: ___JOHN LIBBY___
                                    Its: Supervisor, Audits & Collections


Dated: _____3/24/09_____             The Labor/Management Union Carpentry
                                    Cooperation Fund

                                    By: ___JOHN LIBBY___
                                    Its: Supervisor, Audits & Collections

# 08 CV 3440

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | 08 CV 3440 |
| v. | ) ) | Judge Kendall |
| ADVANCED SYSTEMS GROUP, INC., d/b/a ADVANCED MATERIAL HANDLING SYSTEMS, INC. and d/b/a ADVANCED OFFICE SYSTEMS, INC., an Illinois corporation, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF JOHN LIBBY

I, John Libby, hereby declare, under penalty of perjury pursuant to the laws of the United

States, as follows:

1.      I am the Supervisor, Audits & Collections for the Chicago Regional Council of

Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the

Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program

and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the

Trust Funds").

2.      As part of my duties, I am responsible for supervising and enforcing contributions

for medical, pension and other benefits due from numerous employers pursuant to Collective

Bargaining Agreements between the employers and the Trust Funds and pursuant to the Trust

Agreements.

3.      On March 24, 2009, Advanced Systems Group, Inc. ("Defendant") and the Trust

Funds entered into a written settlement agreement whereby Trust Funds agreed to dismiss this

lawsuit in exchange for Defendant's promise to make specific, monthly installment payments.

4.   Defendant agreed to pay $14,000.00 as follows:

| Payment Due Date | Amount Due |
|---|---|
| 03/15/2009 | $ 1,560.00 |
| 04/15/2009 | $ 1,555.00 |
| 05/15/2009 | $ 1,555.00 |
| 06/15/2009 | $ 1,555.00 |
| 07/15/2009 | $ 1,555.00 |
| 08/15/2009 | $ 1,555.00 |
| 09/15/2009 | $ 1,555.00 |
| 10/15/2009 | $ 1,555.00 |
| 11/15/2009 | $ 1,555.00 |
|  | $ 14,000.00 |

Defendant has made only the following payments on or about the dates noted:

| Payment Receipt Date | Amount Received |
|---|---|
| 03/24/2009 | $ 1,560.00 |
| 04/27/2009 | $ 1,555.00 |
| 05/20/2009 | $ 1,555.00 |
| 06/18/2009 | $ 1,555.00 |
| 07/22/2009 | $ 1,555.00 |
| 09/24/2009 | $ 1,555.00 |
| 10/21/2009 | $ 1,555.00 |
|  | $ 10,890.00 |

5.   Because Defendant failed to comply with the terms of the Settlement Agreement and to pay outstanding amounts due and late fees, the Trust Funds have had to employ the services of McJessy, Ching & Thompson, LLC. As a result, the Trust Funds incurred attorneys' fees and costs.

6.   I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER DECLARANT SAYETH NOT.

_(signature)_ 12/15/09

John Libby

# 08 CV 3440

# Exhibit D

# M MCJESSY, CHING & THOMPSON LLC

Kevin P. McJessy
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 MAIN
(773) 880-1261 DIRECT
(773) 880-1265 FAX
mcjessy@MCandT.com

Kevin McJessy (Licensed Illinois)
Angela Ching (Licensed California)
Kim Thompson (Licensed Illinois, California)

October 8, 2009

**VIA U.S. MAIL and FACSIMILE**            **VIA U.S. MAIL**

Todd Miller                                 Advanced Systems Group, Inc.
Allocco & Miller, P.C.                      485 W. Fullerton Avenue
3409 N. Paulina                             Elmhurst, IL 60126
Chicago, Illinois 60657

RE:   *Chicago Regional Council of Carpenters Pension Fund, et al. v. Advanced Systems
      Group, Inc.*, Case No. 08 C 3440

Dear Mr. Miller:

Please be advised that Advanced Systems Group, Inc. is in default of its obligations under the
terms of the settlement agreement in the above referenced matter because we have not received
the payment of $1,555.00 which was due September 15, 2009.

To date, Chicago Regional Council of Carpenters Fringe Benefit Funds have received six (6)
payments. The Trust Funds did not receive any payment in August. The Trust Funds did receive
a payment on or about September 22, 2009 which was applied to August 2009, although this
payment did not include the additional $250.00 late fee due under the terms of the Settlement
Agreement.

To date, Advanced Systems Group, Inc. has failed to pay the $250.00 late fee due as a result of
the prior notice of default that we issued in April 2009 and the $250.00 late fee due to our
issuance of the late notice in August 2009. As a result of this notice, there is yet an additional
$250.00 due as a result of the issuance of this Notice of Default.

The parties' settlement agreement provides as follows:

      (b) Notice and Cure Period. In the event of default, the Trust Funds shall notify ASGI of
said default by sending a notice by U.S. Mail to: Advanced Systems Group, Inc., 485 W.
Fullerton Avenue, Elmhurst, IL 60126, with a copy by U.S. Mail and facsimile to Todd Miller,
Allocco & Miller, P.C., 3409 N. Paulina, Chicago, Illinois 60657 ("Notice"). Notice sent in this
manner shall be deemed sufficient regardless of whether it is received, provided that the Trust
Funds provide a certificate of service that notice was properly sent in accordance with the above
provisions. ASGI shall have ten (10) days, not counting weekends and holidays ("Cure Period"),
from the date that notice of the default is sent to cure such default.

      (c) Late Fee. If ASGI is in default on a payment and the Trust Funds or their counsel
serve Notice, the amount due shall be increased by two hundred and fifty dollars ($250.00)
("Late Fee"). The Late Fee is not intended to be a penalty but is instead payment to the Trust
Funds as compensation for the additional attorneys' fees and costs incurred to issue the Notice.

# MCJESSY, CHING & THOMPSON LLC

October 8, 2009
Page 2

Accordingly, we look forward to receipt of payment of $2,305.00 within ten (10) days of your receipt of this letter. If payment is not made within ten (10) days, we will seek to enforce the rights of the Chicago Regional Council of Carpenters Fringe Benefit Funds under the terms of the parties' settlement agreement.
Sincerely,

MCJESSY, CHING & THOMPSON, LLC

Kevin P. McJessy

KPM:smk

cc:     John Libby (via email)
        Nathaniel Lagalo (via email)

# 08 CV 3440

# Exhibit E

# M MCJESSY, CHING & THOMPSON LLC

Kevin P. McJessy
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 MAIN
(773) 880-1261 DIRECT
(773) 880-1265 FAX
mcjessy@MCandT.com

Kevin McJessy (Licensed Illinois)
Angela Ching (Licensed California)
Kim Thompson (Licensed Illinois, California)

November 23, 2009

**VIA U.S. MAIL and FACSIMILE**          **VIA U.S. MAIL**

Todd Miller                             Advanced Systems Group, Inc.
Allocco & Miller, P.C.                  485 W. Fullerton Avenue
3409 N. Paulina                         Elmhurst, IL 60126
Chicago, Illinois 60657

RE:   *Chicago Regional Council of Carpenters Pension Fund, et al. v. Advanced Systems Group, Inc.*, Case No. 08 C 3440

Dear Mr. Miller:

Please be advised that Advanced Systems Group, Inc. is in default of its obligations under the terms of the settlement agreement in the above referenced matter because we have not received the payment of $1,555.00 which was due November 15, 2009.

To date, Chicago Regional Council of Carpenters Fringe Benefit Funds have received seven (7) payments. The Trust Funds did not receive any payment in August or November. The Trust Funds did receive a payment on or about September 22, 2009 which was applied to August 2009 and a payment on or about October 16, 2009 which was applied to September 2009, although these payments did not include the additional $250.00 late fees due for each month under the terms of the Settlement Agreement.

A $250.00 late fee is due each month a payment is made late and the Trust Funds issue a notice of default. To date, Advanced Systems Group, Inc. has failed to pay the $250.00 late fees due as a result of the prior notices of default that we issued in April 2009, August 2009 and October 2009. As a result of this notice of default, there is yet an additional $250.00 due as a result of the issuance of this Notice of Default.

The parties' settlement agreement provides as follows:

(b) Notice and Cure Period. In the event of default, the Trust Funds shall notify ASGI of said default by sending a notice by U.S. Mail to: Advanced Systems Group, Inc., 485 W. Fullerton Avenue, Elmhurst, IL 60126, with a copy by U.S. Mail and facsimile to Todd Miller, Allocco & Miller, P.C., 3409 N. Paulina, Chicago, Illinois 60657 ("Notice"). Notice sent in this manner shall be deemed sufficient regardless of whether it is received, provided that the Trust Funds provide a certificate of service that notice was properly sent in accordance with the above provisions. ASGI shall have ten (10) days, not counting weekends and holidays ("Cure Period"), from the date that notice of the default is sent to cure such default.

(c) Late Fee. If ASGI is in default on a payment and the Trust Funds or their counsel serve Notice, the amount due shall be increased by two hundred and fifty dollars ($250.00) ("Late Fee"). The Late Fee is not intended to be a penalty but is instead payment to the Trust Funds as compensation for the additional attorneys' fees and costs incurred to issue the Notice.

# MCJESSY, CHING & THOMPSON LLC

November 23, 2009
Page 2


Accordingly, we look forward to receipt of payment of $4,110.00 within ten (10) days of your receipt of this letter. If payment is not made within ten (10) days, we will seek to enforce the rights of the Chicago Regional Council of Carpenters Fringe Benefit Funds under the terms of the parties' settlement agreement.

Sincerely,

MCJESSY, CHING & THOMPSON, LLC

Kevin P. McJessy

KPM:smk

cc:    John Libby (via email)
       Nathaniel Lagalo (via email)

# 08 CV 3440

# Exhibit F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | 08 CV 3440 |
| v. | ) ) | Judge Kendall |
| ADVANCED SYSTEMS GROUP, INC., d/b/a ADVANCED MATERIAL HANDLING SYSTEMS, INC. and d/b/a ADVANCED OFFICE SYSTEMS, INC., an Illinois corporation, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF KEVIN P. MCJESSY

I, Kevin P. McJessy, hereby declare, under penalty of perjury pursuant to the laws of the United States, as follows:

1.    I am one of the attorneys representing the Chicago Regional Council of Carpenters Pension Fund ("Pension Fund"), the Chicago Regional Council of Carpenters Welfare Fund ("Welfare Fund"), the Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program ("Trainee Fund"), and the Labor/Management Union Carpentry Cooperation Promotion Fund ("Labor/Management Fund") (collectively "the Trust Funds") in the above-captioned lawsuit ("Lawsuit") against Advanced Systems Group, Inc. ("Defendant").

2.    I have been licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois since 1995. I am an attorney with McJessy, Ching & Thompson, LLC ("MC&T").

3.    As part of my practice, I handle claims under ERISA. I personally represented the Trust Funds in this lawsuit. I have represented the Trust Funds in this lawsuit since its inception.

4.     The Trust Funds have incurred $632.42 in fees and expenses since April 23, 2009 to seek compliance with the settlement agreement in this matter.

5.     The Trust Funds collectively incurred fees totaling $560.00 for 3.5 hours of attorney services.  The reduced hourly rate of attorneys at MC&T for ERISA litigation for the Trust Funds is $160 per hour.

6.     The Trust Funds collectively incurred fees totaling $12.00 for .2 hours of paralegal time.  The reduced hourly rate of paralegals at MC&T for ERISA litigation for the Trust Funds is $60 per hour.  The Trust Funds incurred these fees in connection with its efforts to seek compliance with the settlement agreement in this matter.

7.     The Trust Funds incurred $60.42 in expenses for messenger deliveries, photocopies and postage charges.  A detailed breakdown of the fees and costs is attached hereto as Exhibit A.

8.     The attorneys' fees, paralegal fees and costs charged to the three Trust Funds in this matter are consistent with MC&T's regular charges for services to the Trust Funds on similar matters.

9.     I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER DECLARANT SAYETH NOT.

_____
Kevin P. McJessy

# 08 CV 3440

# Exhibit A

Client Ledger
From Apr 23/2009

| Date Entry # | Received From/Paid To Explanation | Chq# Rec# | General Rcpts | General Disbs | Fees | Bld Inv# Acc | Trust Activity Rcpts | Trust Activity Disbs | Trust Activity Balance |
|---|---|---|---|---|---|---|---|---|---|
| **1000** | **Chicago Regional Council of Carpenters** | | | | | | | | |
| **0108-ADVA** | **Advanced Systems Group, Inc.** | | | | | | Resp Lawyer: KM | | |
| Apr 23/2009 39926 | US Messenger & Logistics Courier | 2825 | | 10.55 | | 3228 | | | |
| Apr 23/2009 39928 | US Messenger & Logistics Courier | 2825 | | 14.15 | | 3228 | | | |
| Apr 23/2009 40053 | Lawyer: KM  0.50 Hrs X 160.00 Reviewed file materials re: payment.  Reviewed settlement agreement for terms on default.  Prepared notice of default letter to Advanced Systems Group. | | | | 80.00 | 3228 | | | |
| Apr 23/2009 40139 | Expense Recovery Postage Recovery | 00150 | | 0.84 | | 3228 | | | |
| May  8/2009 40228 | Chicago Regional Council of Carpe PMT - | 00709 | 975.84 | | | | | | |
| May  8/2009 40341 | Billing on Invoice 3228 FEES   208.00 DISBS 26.38 | | | | 0.00 | 3228 | | | |
| May 19/2009 40504 | Lawyer: SK  0.20 Hrs X 60.00 Call from W. Simpson re: settlement payment mistakenly was sent to Union instead of MC&T.  Confer with K. McJessy re: same and relayed K. McJessy's instructions to Advanced Systems.  Confer with J. Libby re: ██████████████ ████████████████, confer with Advanced Systems re: same and relayed to J. Libby' that | | | | 12.00 | 3267 | | | |
| May 21/2009 40527 | Lawyer: KM  0.10 Hrs X 160.00 Reviewed and responded to correspondence from N. Lagalo re: ████████████████ | | | | 16.00 | 3267 | | | |
| May 26/2009 40549 | Chicago Regional Council of Carpe PMT - | 00721 | 234.38 | | | | | | |
| Jun 12/2009 41200 | Billing on Invoice 3267 FEES   28.00 | | | | 0.00 | 3267 | | | |
| Jun 25/2009 41738 | Lawyer: KM  0.10 Hrs X 160.00 Reviewed correspondence from N. Lagalo re: ████████ | | | | 16.00 | 3287 | | | |
| Jul  9/2009 41832 | Billing on Invoice 3287 FEES   16.00 | | | | 0.00 | 3287 | | | |
| Jul 24/2009 42322 | Chicago Regional Council of Carpe PMT - | 00749 | 44.00 | | | | | | |
| Aug  5/2009 42824 | Billing on Invoice 3330 | | | | 0.00 | 3330 | | | |
| Sep  2/2009 43781 | Lawyer: KM  0.40 Hrs X 160.00 Reviewed correspondence from N. Lagalo re: ████████ Telephone call with N. Lagalo re: ███████. Prepared notice of default to T. Miller. | | | | 64.00 | 3543 | | | |
| Sep  8/2009 43705 | Expense Recovery Postage Recovery | 00169 | | 0.44 | | 3543 | | | |
| Sep  8/2009 44165 | Lawyer: KM  0.50 Hrs X 160.00 Reviewed and responded to correspondence from T. Miller re: alleged payment made in August.  Prepared correspondence to N. Lagalo re: ████████████████ Reviewed correspondence from N. Lagalo re: ████████ | | | | 80.00 | 3543 | | | |
| Oct  6/2009 44652 | Expense Recovery Postage Recovery | 00172 | | 0.88 | | 3615 | | | |
| Oct  6/2009 44827 | Lawyer: KM  0.40 Hrs X 160.00 Inquiry with Trust Funds as to ████████████.  Prepared notice of default. | | | | 64.00 | 3615 | | | |
| Oct  8/2009 44650 | Expense Recovery Postage Recovery | 00172 | | 0.88 | | 3615 | | | |
| Oct 16/2009 44644 | Expense Recovery Postage Recovery | 00172 | | 0.44 | | 3615 | | | |
| Oct 19/2009 44291 | Billing on Invoice 3543 FEES   144.00 DISBS 0.44 | | | | 0.00 | 3543 | | | |
| Oct 19/2009 44420 | Lawyer: KM  0.10 Hrs X 160.00 Telephone call to T. Miller re: | | | | 16.00 | 3615 | | | |

Client Ledger
From Apr 23/2009

| Date | Entry # | Received From/Paid To Explanation | Chq# Rec# | General Rcpts | Disbs | Fees | Bld Inv# Acc | Trust Activity Rcpts | Disbs | Balance |
|------|---------|-----------------------------------|-----------|---------------|-------|------|--------------|----------------------|-------|---------|
| | | follow up on ASG's failure to correct defaults. | | | | | | | | |
| Oct 22/2009 | 44969 | Lawyer: KM  0.20 Hrs X 160.00 Confer with N. Lagalo re: ██████. Reviewed correspondence from N. Lagalo re: ██████ | | | | 32.00 | 3615 | | | |
| Oct 23/2009 | 44404 | US Messenger & Logistics Courier | 2958 | | 13.34 | | 3615 | | | |
| Oct 31/2009 | 44608 | Expense Recovery Photocopy Recovery | 00171 | | 4.20 | | 3615 | | | |
| Nov 6/2009 | 45523 | Lawyer: KM  0.30 Hrs X 160.00 Telephone call with T. Miller re: default on settlement. Reviewed correspondence from T. Miller re: confirm no longer representing ASG. | | | | 48.00 | | | | |
| Nov 9/2009 | 44571 | Chicago Regional Council of Carpe PMT – | 00788 | 144.44 | | | | | | |
| Nov 20/2009 | 44737 | US Messenger & Logistics Courier | 2980 | | 13.34 | | | | | |
| Nov 23/2009 | 44811 | Lawyer: KM  0.20 Hrs X 160.00 Prepared notice of default for missing November payment. | | | | 32.00 | | | | |
| Nov 23/2009 | 45246 | Expense Recovery Postage Recovery | 00173 | | 0.88 | | | | | |
| Nov 25/2009 | 45165 | Billing on Invoice 3615 FEES     112.00 DISBS 19.74 | | | 0.00 | | 3615 | | | |
| Nov 30/2009 | 45272 | Expense Recovery Photocopy Recovery | 00174 | | 0.48 | | | | | |
| Dec 4/2009 | 45358 | Lawyer: ATT  0.40 Hrs X 160.00 Drafted motion to vacate dismissal and for entry of default judgment pursuant to breach of settlement agreement. | | | | 64.00 | | | | |
| Dec 10/2009 | 45390 | Lawyer: KM  0.30 Hrs X 160.00 Reviewed and revised motion for entry of judgment based on default on settlement agreement payments. | | | | 48.00 | | | | |

| | | UNBILLED | | | = TOTAL | BILLED | | | | BALANCES | |
|---|------|-------|---------|--------|---------|-------|--------|-------|-----------|-----------|-------|
| | CHE | + RECOV | + FEES | = TOTAL | | DISBS | + FEES | + TAX | – RECEIPTS | = A/R | TRUST |
| TOTALS PERIOD | 13.34 | 1.36 | 192.00 | 206.70 | | 45.72 | 380.00 | 0.00 | 1398.66 | -972.94 | 0.00 |
| END DATE | 13.34 | 1.36 | 192.00 | 206.70 | | 673.46 | 5376.00 | 0.00 | 5917.72 | 131.74 | 0.00 |

| | | UNBILLED | | | = TOTAL | BILLED | | | | BALANCES | |
|---|------|-------|---------|--------|---------|-------|--------|-------|-----------|-----------|-------|
| | CHE | + RECOV | + FEES | = TOTAL | | DISBS | + FEES | + TAX | – RECEIPTS | = A/R | TRUST |
| FIRM TOTAL PERIOD | 13.34 | 1.36 | 192.00 | 206.70 | | 45.72 | 380.00 | 0.00 | 1398.66 | -972.94 | 0.00 |
| END DATE | 13.34 | 1.36 | 192.00 | 206.70 | | 673.46 | 5376.00 | 0.00 | 5917.72 | 131.74 | 0.00 |

REPORT SELECTIONS – Client Ledger

| | |
|---|---|
| Layout Template | Default |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Tuesday, December 15, 2009 at 12:36:02 PM |
| Ver | 9.31d |
| Matters | 0108-ADVA |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec 31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown – Billed Only | No |
| Entries Shown – Disbursements | Yes |
| Entries Shown – Receipts | Yes |
| Entries Shown – Time or Fees | Yes |
| Entries Shown – Trust | Yes |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |
| Trust Account | All |
| Working Lawyer | All |
| Include Corrected Entries | No |
| Show Check # on Paid Payables | No |
| Show Client Address | No |
| Consolidate Payments | No |
| Show Trust Summary by Account | No |

# 08 CV 3440

# Exhibit G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF          )
CARPENTERS PENSION FUND et al.,      )
                                     )
                    Plaintiffs,      )    08 CV 3440
          v.                         )
                                     )    Judge Kendall
ADVANCED SYSTEMS GROUP, INC., d/b/a  )
ADVANCED MATERIAL HANDLING           )
SYSTEMS, INC. and d/b/a ADVANCED OFFICE )
SYSTEMS, INC., an Illinois corporation, )
                                     )
                    Defendants.      )

## JUDGMENT ORDER

        WHEREAS, pursuant to this Court's Order of March 27, 2009, the Settlement Agreement was made part of this Court's final order;

        WHEREAS pursuant to the Chicago Regional Council of Carpenters Pension Fund et al.'s ("Trust Funds") motion to enforce settlement agreement, the Court finds that Defendant Advanced Systems Group, Inc. ("Defendant") failed to make the required payments;

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, upon application of the Trust Funds and for good cause shown, judgment is entered in favor of the Trust Funds and against Defendant in the amount of $9,672.38;

        IT IS FURTHER ORDERED that the Defendant shall pay the Trust Funds any additional attorneys' fees incurred in collecting amounts due under this judgment order;


_____          _____
        Date                              Judge Virginia Kendall